414 F.2d 799
 Willie GRESHAM, Plaintiff-Appellee,
v.
CALMAR S. S. CORPORATION, Defendant-Third Party Plaintiff-Appellee-Cross Appellant,
v.
PORT EVERGLADES TERMINAL COMPANY, Inc., Third Party Defendant-Appellant-Cross Appellee.
 No. 26804.
 United States Court of Appeals Fifth Circuit.
 June 16, 1969.
 
 James E. Tribble, Robert G. Young, Blackwell, Walker & Gray, R. Layton Mank, Miami, Fla., for Port Everglades Terminal Co., Inc.
 William Norwood, James L. Hurley, Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., for Calmar S. S. Corp.
 William M. Alper, Alan R. Schwartz, Miami, Fla., for appellee, Gresham, Sams, Anderson, Alper & Spencer, and Horton & Schwartz, Miami, Fla., of counsel.
 Before TUTTLE and GEWIN, Circuit Judges, and COMISKEY, District Judge.
 PER CURIAM:
 
 
 1
 Gresham, a longshoreman, was injured on a ship owned by Calmar while he was engaged in unloading the ship as an employee of Port Everglades. Gresham received a substantial award and Calmar was awarded a judgment over against Port Everglades in the cross action.
 
 
 2
 Calmar readily concedes that there is substantial evidence to support the judgment in favor of the original plaintiff. The real issue here is as between Calmar and its longshoreman contractor. We find no principle which precludes Calmar's recovery over merely because there was a finding of liability against both the shipowner and against the longshoreman. If there be cases in which the particular conduct by the shipowner either in creating a condition of unseaworthiness or because of its negligence is precluded from the right of indemnity as a matter of law, nothing is cited to us here that brings this case within such a ruling. There is ample evidence from which it could be determined that the particular circumstance that created the sudden opening in the cargo into which the plaintiff fell, was the fault of the cross-defendant. Its liability is, therefore, clearly established.
 
 
 3
 We find no basis for criticizing the trial court's award of attorneys' fees for Calmar, amounting to twelve and one-half percent of Gresham's recovery. District courts are given wide discretion in setting attorneys' fees in cases such as this, and Port Everglades cites no case which on facts is similar to this which has held that this award constituted an abuse of discretion.
 
 
 4
 The judgments are affirmed.